IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TYREE BOWIE,<br><br>    Plaintiff,<br><br>  v.<br><br>KYLE HOWER in his personal capacity only, DANA WARD in his personal capacity only, RACHEL SHERMAN in her personal capacity only, and TIMOTHY BARKER in his personal capacity only,<br><br>    Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:  DOCKET NO. 24-cv-02105<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

**DEFENDANT, YORK CITY DETECTIVE KYLE HOWER'S SUR-REPLY BRIEF IN FURTHER SUPPORT OF DEFENDANT, DETECTIVE KYLE HOWER'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

  Defendant, York City Detective Kyle Hower ("Detective Hower"), by and through his attorneys, MacMain Leinhauser PC, hereby files this Sur-Reply Brief in further support of Defendant, Detective Hower's Motion to Dismiss Plaintiff's Amended Complaint (ECF 18) pursuant to Fed. R. Civ. P. 12(b)(6) and states as follows.

**I.  ARGUMENT**

  Plaintiff's Sur-Reply Brief in opposition to Defendant, York City Detective Kyle Hower's Reply Brief in Further Support of Defendant's Motion to Dismiss Plaintiff's Amended Complaint, ECF Doc. 28 (ECF 31) ("Plaintiff's Sur-Reply")

1

mischaracterizes the nature of and basis for Dr. Wayne Ross's expert medical opinion. It does so to attempt to create a dispute of fact that may in some cases call for the issue of qualified immunity to be left to the jury. Because it fails to do so, Plaintiff's Sur-Reply's call for the Court to avoid deciding the issue of qualified immunity for Detective Hower is wholly incorrect. Plaintiff's Sur-Reply also fails to contest that Plaintiff's Amended Complaint does not allege the requisite but-for causation for a claim of fabricated evidence. Finally, Plaintiff's discussion of the alleged importance of the allegedly edited portion of the video and the alleged harm caused does not stand up to scrutiny.

  A. **Dr. Wayne Ross's Medical Opinion**

  Plaintiff's claim that the medical opinions of Dr. Wayne Ross relied on the allegedly "doctored video" confuses the basis of his expert medical opinion. Plaintiff's Sur-Reply says that "Defendant Ross's testimony at the preliminary hearing made no reference to the extended time period plaintiff spent looking through the backseat window of the vehicle while in the Rutter's parking lot." *See* Plaintiff's Sur-Reply at p. 4. Even assuming *arguendo* that Plaintiff's Sur-Reply is correct and the unstated allegation that Dr. Wayne Ross's opinion was based on the allegedly doctored video can be input into Plaintiff's Amended Complaint, it still does not undercut the legitimacy of his expert medical opinion. The consideration in the autopsy was not *who* killed Dante Mullinix ("Dante"), or *whether* Plaintiff

2

killed Dante, but whether Dante was killed *by homicide*, which Dr. Wayne Ross in his expert opinion determined to be the case. The video from Rutter's was only relevant to show that Dante was able to walk at that time and must have suffered the injuries that caused his death sometime after that video. Plaintiff's Amended Complaint *also* acknowledges that Dante suffered the injuries that led to his death sometime after leaving Rutter's and before arriving at the hospital, so there is no disagreement on that fact. *See* Plaintiff's Amended Complaint ¶¶ 30-49.[1] Dr. Wayne Ross's expert medical opinion's failure to discuss video allegedly depicting Plaintiff's mental state does not undercut the legitimacy of his opinion. If anything, opining on Plaintiff's mental state would undercut the objective nature appropriate for an expert opinion. Because of this, even if Plaintiff's Amended Complaint does implicitly allege that Dr. Wayne Ross's opinion was not based on the allegedly missing part of the video, Detective Hower was still entitled to rely on Dr. Wayne Ross's opinion.

### B. There Are No Disputed Material Facts

Because of Plaintiff's confusion on the point outlined above, Plaintiff incorrectly asserts that ruling on probable cause and qualified immunity in this case depends on disputed facts. Even taking all of Plaintiff's allegations as true

---

[1] Plaintiff's version of events is that Dante began choking on Teddy Grahams at approximately 10:05 PM.

regarding the missing portion of the video and the alleged Teddy Graham residue, Detective Hower had probable cause as a matter of law. He had an expert medical opinion that Dante was killed by homicide. All agree that Dante suffered the injuries that lead to his death sometime after departing Rutter's while alone with Plaintiff. Taken together, even with the strongest possible version of the countervailing evidence asserted in Plaintiff's Amended Complaint, probable cause existed. Even if this Court feels it cannot decide that probable cause exists as a matter of law, it is established that "reasonable officials in the defendant'[s] position at the relevant time could have believed, in light of what was in the decided case law, that their conduct would be lawful" and Detective Hower is therefore entitled to qualified immunity. *Good v. Dauphin County Children and Youth Services*, 891 F.2d 1087, 1093 (1989).

### C. <u>Detective Hower Need Not Credit Plaintiff's Possible Defenses Before Filing Charges</u>

Additionally, Plaintiff's Sur-Reply Brief makes an extended argument that Plaintiff's Amended Complaint's allegation that "Hower refused to credit in any way the possibility that Bowie had not been legally responsible for killing Dante" was not mutually exclusive with "but for the video shown during the trial, Plaintiff would not have been charged." *See* Plaintiff's Sur-Reply Brief at p. 10. While technically correct, Plaintiff does not even attempt to claim that Plaintiff's Amended Complaint alleges that without the allegedly fabricated evidence,

4

Plaintiff would not have been charged. Any fabricated evidence claim of Plaintiff therefore fails to meet the requirements of *Black v. Montgomery Cnty.*, 835 F.3d 358, 371 (3d Cir. 2016) and should be dismissed.

Moreover, in dealing with Plaintiff's claims for malicious prosecution, the evidence Plaintiff alleges was ignored by Detective Hower was not "plainly exculpatory" and therefore not of the type that an officer "must consider" in determining probable cause. *Harvard v. Cesnalis*, 973 F.3d 190, 200 (3d Cir. 2020). Instead, Plaintiff's alternative theory for the cause of death for Dante allegedly supported by "exculpatory evidence" is now more analogous to an affirmative defense in that Plaintiff is trying to show why it would vitiate probable cause which would already have existed as Plaintiff was the sole individual with Dante when Dante suffered ultimately fatal injuries. Affirmative defenses are generally not something that officers must consider in criminal prosecutions unless they are clear cut. *Starks v. N. York Cnty. Reg'l Police Dep't*, 2025 U.S. Dist. LEXIS 53232, *22-23 (M.D. Pa. 2025) citing *Rittacco v. Zelechowski*, Civil Action No. 22-544, 2024 U.S. Dist. LEXIS 91520, 2024 WL 2319505, at *9 (W.D. Pa. May 22, 2024). The nature of these defenses mean they are not properly resolved by charging officers. *Id. See also Sands v. McCormick*, 502 F.3d 263 (3d Cir. 2007).

Plaintiff claims that the video from Rutter's was of high importance to the case against Plaintiff. *See* Plaintiff's Sur-Reply at p. 13. As outlined above, the

video shown was indeed important to establish that Dante suffered the injuries found in his autopsy after that time, while alone with Plaintiff. This does not imply that video showing Plaintiff looking at Dante, allegedly with concern, was particularly important. To the degree it was significantly exculpatory, Plaintiff does not allege a lack of access to the full video and was fully within his rights to use the additional portion of the video in his defense. Plaintiff could have played the allegedly exculpatory portions of video if he wished.

## II.     CONCLUSION

For the reasons set forth above, Defendant, Detective Kyle Hower respectfully requests that this Honorable Court dismiss Plaintiff's Amended Complaint in its entirety, with prejudice, pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief may be granted.

Respectfully submitted,

**MacMain Leinhauser PC**

Date: May 28, 2025          By:     */s/ David J. MacMain*
David J. MacMain
Matthew T. Strosser
PA Attorney I.D. Nos. 59320/336410
433 W. Market Street, Suite 200
West Chester, PA 19382
dmacmain@macmainlaw.com
mstrosser@macmainlaw.com
484-318-7106
*Attorneys for Defendant Detective Kyle Hower*

## **CERIFICATE OF WORD COUNT**

I, David J. MacMain, Esq., hereby certify that pursuant to Local Rule 7.8(b)(2), the foregoing Sur-Reply Brief in Further Support of the Motion to Dismiss Plaintiff's Amended Complaint of Defendant, Detective Kyle Hower contains 1,178 words, exclusive of case caption and signature block pursuant to the word-count feature of the word-processing system (Microsoft Word), and therefore, complies with the word count limit set forth in Local Rule 7.8(b)(2).

Respectfully submitted,

**MacMain Leinhauser PC**

Date: May 28, 2025          By:   /s/ *David J. MacMain*
David J. MacMain
Attorney I.D. No. 59320
433 W. Market Street, Suite 200
West Chester, PA 19382
dmacmain@macmainlaw.com
484-318-7106
*Attorney for Defendant Detective Kyle Hower*

## CERTIFICATE OF SERVICE

I, David J. MacMain, Esquire, hereby certify that on this 28th day of May, 2025, the foregoing was filed electronically and is available for viewing and downloading from the ECF system of the United States District Court for the Middle District of Pennsylvania. The following parties received notice via ECF:

Aaron D. Martin, Esq.
Mette, Evans, and Woodside
3401 North Front Street
Harrisburg, PA 17110-0950
*Attorneys for Plaintiff*

Sean E. Summers, Esq.
Summers Nagy Law Offices
33 South Duke Street
York, PA 17401
*Attorney for Defendants Wayne Ross,
Rachel Sherman, and Timothy Barker*

**MacMAIN LEINHAUSER PC**

By:   */s/ David J. MacMain*
       David J. MacMain
       Attorney I.D. No. 59320
       433 W. Market Street, Suite 200
       West Chester, PA 19382
       dmacmain@macmainlaw.com
       484-318-7106
       *Attorney for Defendant Detective Kyle Hower*