IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TYREE BOWIE, | : | |
| *Plaintiff* | : | |
| | : | CIVIL ACTION NO. 1:24-cv-02105 |
| v. | : | |
| | : | |
| KYLE HOWER, WAYNE KENNETH ROSS, DANA WARD, RACHEL SHERMAN, AND TIMOTHY J. BARKER, | : | JURY TRIAL DEMANDED |
| *Defendants* | : | |

**DEFENDANTS WAYNE KENNETH ROSS, DANA WARD, RACHEL SHERMAN, AND TIMOTHY J. BARKER'S SUR-REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM FOR WHICH RELIEF CAN BE GRANTED <u>PURSUANT TO Fed. R. Civ. P. 12(b)(6)</u>**

AND NOW on this 30th day of May, 2025 come Defendants, Wayne Kenneth Ross, Dana Ward, Rachel Sherman, and Timothy J. Barker (collectively the "York County Defendants"), by and through their counsel, Summers Nagy Law Offices, and files this Reply Brief in Support of Motion to Dismiss Plaintiff's Amended Complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), as follows:

I.  **COUNT V, ALLEGING MALICIOUS PROSECUTION AND DENIAL OF DUE PROCESS UNDER 42 U.S.C. § 1983, AGAINST ADA SHERMAN AND ADA BARKER, SHOULD BE DISMISSED BASED ON ABSOLUTE PROSECUTORIAL IMMUNITY**

The York County Defendants' Motion to Dismiss should be granted as to

1

ADA Sherman and ADA Barker, based on the doctrine of absolute prosecutorial immunity. Plaintiff's Sur-Reply Brief, as before, engages in a strained and tortuous attempt to recharacterize the prosecutors' behavior as investigative rather than quasi-judicial. Plaintiff's circuitous and conclusory contention does not negate the obvious truth that ADA Barker and ADA Sherman as prosecutors are entitled to absolute immunity from lawsuits based on actions in court in support of their core prosecutorial functions. *Kulwicki v. Dawson*, 969 F.2d 1454, 1465 (3d Cir. 1992).

Based on his Sur-Reply Brief, the crux of Plaintiff's argument now appears to be that the purportedly edited video played at trial "was a link in a long chain of the video being mischaracterized in crucial stages of the investigation along the way, such that their knowledge of the truncated nature of the video in the investigation is plausibly attributable to them, and their actions ratifying the faulty investigation are outside the scope of the quasi-judicial function that absolute prosecutorial immunity is meant to protect." (ECF No. 32, at p. 6). Plaintiff references the affidavit of probable cause and preliminary hearing as prior stages of the criminal justice process where the video was used, even though Plaintiff does not have any clear evidence beyond conjecture that the version of the video used at these stages was the allegedly edited surveillance video. (ECF No. 32, at p. 5). These attempts by Plaintiff to salvage his Amended Complaint are no more convincing than the averments

2

contained in the Amended Complaint itself.

The first problem with Plaintiff's contention is that the prior stages of the litigation process where the edited video was purportedly used were also part of the formal, prosecutorial and therefore quasi-judicial process, as with a prosecutor's advocacy at trial. Indeed, the U.S. Supreme Court has previously held that absolute prosecutorial immunity applies to presentation of testimony at an *ex parte* probable cause hearing that may have been fabricated, which necessarily would have occurred well in advance of any trial. *See Burns v. Reed*, 500 U.S. 478, 488-91 (1991). The prior parts of the criminal litigation process relied upon now by Plaintiff are the affidavit of probable cause and the preliminary hearing. The affidavit of probable cause is the document attached to the initial charging document, the Criminal Complaint, to support the claim of probable cause before the issuing Magisterial District Judge. Pa. R. Crim. P. 513. To the extent that any prosecutor may have been involved in referencing an edited video in this document, such action would be within a prosecutor's core quasi-judicial advocacy. Likewise, the preliminary hearing is the proceeding before the magisterial district judge that is analogous to a probable cause hearing of the sort already found to invoke prosecutorial immunity in *Burns*. Pa. R. Crim. P. 542.

Additionally, in his attempts at casting aspersions upon the prosecutors,

Plaintiff still can point to no specific alleged administrative or investigative activity of either ADA Barker or ADA Sherman that involved direct personal activity in producing this edited version of the video at any step of the process, instead of merely having used it after having been produced by the police investigators. At most, Plaintiff's Sur-Reply Brief intimates that ADA Barker and ADA Sherman must have been aware of the edited prior to using it at trial. However, mere awareness of the existence of some video not procured by the prosecutors, without more, does not amount to fabrication of evidence in some kind of pre-trial investigative role. The vague, imprecise nature of Plaintiff's allegations against the individual prosecutors simply cannot be overcome by Plaintiff's overheated rhetoric about allegedly fabricated evidence.

Accordingly, Plaintiff's allegations against Sherman and Barker, even if true, therefore cannot form the basis for liability. The York County Defendants' Motion to Dismiss should be granted, and Plaintiff's claims in Count V of the Amended Complaint against the ADA Sherman and ADA Barker must be dismissed with prejudice.

**II.    COUNT V, ALLEGING MALICIOUS PROSECUTION AND DENIAL OF DUE PROCESS UNDER 42 U.S.C. § 1983, AGAINST DET. WARD, ADA SHERMAN, AND ADA BARKER, SHOULD BE DISMISSED BASED ON QUALIFIED IMMUNITY**

Plaintiff continues to try to defeat the application of qualified immunity to the

York County Defendants based on artificial, general descriptions of the rights alleged to have been violated. However, Plaintiff has still been able to point to no authority showing that the alleged wrong in this case – using and presenting an edited-for-length video at trial and even earlier proceedings, when an unedited version was equally available to Plaintiff at trial – was clearly established at the time of the charges at issue in this case. The York County Defendants' Motion to Dismiss should be granted as to Det. Ward, as well as ADA Sherman and ADA Barker, based on the doctrine of qualified immunity. *See Wilson v. Layne*, 526 U.S. 603, 615 (1999); *Karns v. Shanahan*, 879 F.3d 504, 520 (3d Cir. 2018).

Plaintiff's Sur-Reply Brief, as before, mistakenly attempts to avoid the application of qualified immunity by generalizing the rights allegedly violated to the highest possible level of abstraction, such that it could not possibly have been in dispute. However, Plaintiff's claims are not simply based on alleged violations of "due process" or the right to be free from "presentation of false evidence" or avoiding Probable Cause based on a finding of "fraud, perjury or other corrupt means." (ECF No. 32, at p. 9). In so framing the questions presented, Plaintiff again plays fast and loose with his terminology.

As stated previously, the allegations contained in the Amended Complaint do not plausibly aver that Det. Ward, ADA Sherman, or ADA Barker engaged in

5

anything approaching the actual fabrication of evidence. Plaintiff's Sur-Reply Brief does nothing to refute this contention. At most, Det. Ward described in his testimony a version of the surveillance video that was edited for length and not one that depicted anything that did not happen or omit any clearly exculpatory information. ADA Sherman at most asked questions of Det. Ward in order to present this edited-for-length video. (ECF No. 16, at ¶ 175). ADA Barker was in the room at the same time this presentation occurred and heard this testimony. (ECF No. 16, at ¶ 176). Nowhere does Plaintiff's Amended Complaint aver that any of these individuals even created this edited version of the video, aside from using something provided by the police.

This wide gap between what is actually alleged in the Amended Complaint and how Plaintiff characterized it in his Briefs does not create a question of fact for the jury as finder of fact, as now asserted by Plaintiff. (ECF No. 32, at p. 9). Instead, it calls for this Court to accurately and precisely characterize the nature of Plaintiff's allegations based on a fair reading of his Amended Complaint. It is sufficiently clear, as a matter of law, that presenting an edited-for-length surveillance video at trial, after a full unedited version of the video was made available to Plaintiff, does not objectively rise to the same level of conduct as falsifying evidence. Therefore, under the caselaw cited by Plaintiff, the rights that Plaintiff claims to have been

violated, to the extent they may be determined to have existed, were not "clearly established" for purposes of defeating qualified immunity. As regards Det. Ward, ADA Sherman, and ADA Barker, qualified immunity shields these three defendants from liability. The York County Defendants' Motion to Dismiss should be granted, and the constitutional claims under Section 1983 in Count V against ADA Sherman, ADA Barker, and Det. Ward should be dismissed, with prejudice.

### III. COUNT V, ALLEGING MALICIOUS PROSECUTION AND DENIAL OF DUE PROCESS UNDER 42 U.S.C. § 1983, AGAINST DET. WARD, ADA SHERMAN, AND ADA BARKER, SHOULD BE DISMISSED, BASED ON LACK OF SUFFICIENCY

Plaintiff's Sur-Reply Brief again continues his effort to salvage his Due Process and Malicious Prosecution claims against the York County Defendants by turning a facially implausible mischaracterization into a question of fact for the jury. Whether or not Due Process requires more than prosecutors abiding by *Brady* obligations, Plaintiff's allegations in context remain insufficient as a matter of law to allege an actual violation of Due Process. This video was only purported to be "misleading" "because it suggested to the trier of fact that [Plaintiff] harbored no concerns about Dante's health when the two had stopped at Rutter's." (ECF No. 16, at ¶ 120). This footage allegedly led to this impression by omitting "more than 15 seconds of time which [Plaintiff] spent observing Dante's actions in the backseat of the car while parked at Rutter's." (ECF No. 16, at ¶ 118). Under the circumstances

7

of his criminal trial, the allegedly selective presentation of the surveillance video did not rise to the level of a material "fabrication" as would be necessary for an allegation of liability for violating Due Process. *See Halsey v. Pfeiffer*, 750 F.3d 273, 279-86 (3d Cir. 2014).

In his assertion to the contrary that this sort of presentation of evidence violates Due Process, Plaintiff attempts to elevate basic disputes over the authenticity of evidence at trial under the Pennsylvania Rules of Evidence to a constitutional problem for the federal courts. Plaintiff's underlying criminal trial, unlike *Halsey*, did not involve the sort of "fabrication" or "misrepresentation" of crucial evidence that could form the basis for an allegation of Due Process violation under Section 1983 or Malicious Prosecution under either common law or Section 1983. The full, "unedited" version with the additional fifteen seconds of silence was available at trial to Plaintiff's criminal trial counsel, and the trial judge was in the best position to resolve any objections as to the authenticity of the edited-for-length version of the video as played by the prosecution to the jury.

As with the other parts of his Briefs, Plaintiff still woefully fails to specify any material actions of ADA Barker and ADA Sherman that may have constituted violation of Due Process. In the Amended Complaint, the allegations against ADA Barker amount to a claim that he failed to correct ADA Sherman's presentation of

evidence, even though Plaintiff does not allege that he had any specific role in presenting the testimony of Detective Ward.  (ECF No. 16, at ¶¶ 117, 119, 121, 122, 176 ).  In Plaintiff's Sur-Reply Brief, though not in the Amended Complaint, he again supplements this allegation with a new claim that ADA Barker not just "assist[ed] [ADA] Sherman in the courtroom" as in a prior Brief (ECF No. 24, at p. 14), but also that ADA Barker "led the prosecution."  (ECF No. 32, at p. 6).  Not only does the Amended Complaint never say that ADA Barker "assisted" ADA Sherman or "led the prosecution," but neither the Amended Complaint nor the Brief explains what "assistance" ADA Barker allegedly provided or what "leadership" of the prosecution meant in relation to the allegedly misrepresentative testimony about the surveillance video.

Accordingly, Plaintiff's Amended Complaint fails to state a claim for Procedural Due Process violation or Malicious Prosecution against Det. Ward, ADA Sherman, and ADA Barker as a matter of law, under both Section 1983 and Pennsylvania common law.  Count V of Plaintiff's Amended Complaint, as against Det. Ward, ADA Sherman, and ADA Barker should be dismissed with prejudice.

**IV. COUNTS III AND IV, ALLEGING MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983 AND STATE COMMON LAW AGAINST DR. ROSS, SHOULD BE DISMISSED FOR LACK OF SUFFICIENCY**

The York County Defendants' Motion to Dismiss should be granted as to all

9

claims in Plaintiff's Amended Complaint against Dr. Ross, as an independent consulting forensic pathologist not employed by any governmental entity somehow associated with the prosecution of Plaintiff in his criminal case.  In his Sur-Reply Brief, Plaintiff's only additional point to support his claim for Dr. Ross's personal liability is that the transcript of the preliminary hearing from the criminal case shows that Dr. Ross is also the "forensic pathologist for Dauphin County." (ECF No. 32, at p. 11).  This assertion only highlights the fact that Dr. Ross was not acting as a state actor for purposes of his work for York County in Plaintiff's criminal matter.  As acknowledged by the remainder of Plaintiff's Sur-Reply Brief, the Commonwealth performed "actual engagement" for Dr. Ross to testify at Plaintiff's trial.  (ECF No. 32, at p. 11).

In conjunction with considerations of basic Pennsylvania geography, these statements show that Dr. Ross acted outside the scope of any other governmental engagement and was instead acting as a private consultant in York County.  Dauphin County is a separate county from York County, and there is no allegation that Dr. Ross was employed by York County or that he supported York County as part of any consultative duties for Dauphin County, as a completely separate county with separate law enforcement officials.  Accordingly, as regards his private consulting work on behalf of York County for Plaintiff's criminal case, Dr. Ross did not act

10

under color of state law to deprive Plaintiff of his constitutional rights or to maliciously prosecute him. Indeed, Plaintiff's argument amounts to a tacit admission that Dr. Ross is not an employee of York County or any other governmental entity associated with the criminal prosecution of Plaintiff in York County. As with Count III, Count IV of Plaintiff's Amended Complaint should be dismissed with prejudice.

**CONCLUSION**

For the foregoing reasons, the York County Defendants respectfully request that their Motion to Dismiss be granted. All claims of Plaintiff from Counts III, IV, and V of the Amended Complaint against Timothy Barker, Rachel Sherman, Dana Ward, and Wayne Ross should be dismissed, with prejudice.

                                            Respectfully submitted,

                                            SUMMERS NAGY LAW OFFICES

                                            By: /s/ *Sean E. Summers*
                                                  Sean E. Summers, PA I.D. 92141
                                                  35 South Duke Street
                                                  York, PA 17401
                                                  (717) 812-8100
                                                  Fax: (717) 812-8108
                                                  E-mail: ssummers@summersnagy.com

Dated: May 30, 2025                  *Counsel for Defendants* Wayne Kenneth Ross, Dana Ward, Rachel Sherman, and Timothy J. Barker

11

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TYREE BOWIE, | : | |
| *Plaintiff* | : | |
| | : | CIVIL ACTION NO. 1:24-cv-02105 |
| v. | : | |
| | : | |
| KYLE HOWER, WAYNE | : | |
| KENNETH ROSS, DANA WARD, | : | |
| RACHEL SHERMAN, AND . | : | |
| TIMOTHY J. BARKER, | : | |
| *Defendants* | : | |

## CERTIFICATE OF SERVICE

     I, Sean E. Summers, Esquire, hereby certify that on this 30th day of May, 2025, a copy of the foregoing Sur-Reply Brief in Support of Motion to Dismiss has been served upon the following via the Court's ECF filing system and by electronic mail, as follows:

| | |
|---|---|
| Aaron D. Martin, Esq. | David J. MacMain, Esq. |
| Dominic V. Giovanniello | Matthew T. Strosser, Esq. |
| Mette, Evans & Woodside | MacMein Leinhauser PC |
| 3401 North Front Street | 433 West Market Street, Suite 200 |
| Harrisburg, PA 17110 | West Chester, PA 19382 |
| admartin@mette.com | dmacmain@macmainlaw.com |
| dvgiovanniello@mette.com | mstrosser@macmainlaw.com |
| *Counsel for Plaintiff* | *Counsel for Defendant Kyle Hower* |

                                        SUMMERS NAGY LAW OFFICES
                                            */s/Sean E. Summers*
                          By: _____
                                  Sean E. Summers, PA I.D. 92141
                                  35 South Duke Street
                                  York, PA 17401
                                  (717) 812-8100| Fax: (717) 812-8108
Dated: May 30, 2025             E-Mail: ssummers@summersnagy.com