IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Tyree BOWIE, | : |
| Plaintiff, | : |
| vs. | : |
| Kyle HOWER,<br>in his personal capacity only, | : No. 1:24-CV-02105 |
| Wayne Kenneth ROSS,<br>in his personal capacity only, | : Judge Jennifer P. Wilson |
| Dana WARD,<br>in his personal capacity only, | : **JURY TRIAL DEMANDED** |
| Rachel SHERMAN,<br>in her personal capacity only, and | : |
| Timothy J. BARKER,<br>in his personal capacity only, | : |
| Defendants. | : |

FILED
HARRISBURG, PA
MAR 0 4 2026
PER _____
DEPUTY CLERK

**Brief in Support of Plaintiff's Uncontested Motion to
File Unredacted Second Amended Complaint Under Seal**

Plaintiff Tyree Bowie by undersigned counsel, Mette, Evans & Woodside, files this brief in support of his motion to file an unredacted copy of his second amended complaint under seal.

### I. Facts

Plaintiff is filing publicly a redacted version of his second amended complaint. Plaintiff's second amended pleading quotes, relies upon, or contains

certain information otherwise derived from material that may arguably be subject to two judicial protective orders ("Orders"). The two orders are attached as Exhibits A and B.

The Orders arose out of a criminal proceeding tried before the York County Court of Common Pleas styled as *Commonwealth of Pennsylvania v. Tyree Bowie*, York Co. CP-67-CR-7558-2018. The termination of that criminal case with Plaintiff's complete acquittal was the basis for the present civil action for malicious prosecution.

The Orders include the following language,

> [I]t is hereby ordered and directed that any individuals in possession of any discovery material and/or Confidential Child Protective Services records related to D.M. and the prosecution of the above-captioned matter are hereby precluded from disseminating or distributing those records unless permitted by further Order of Court. Distribution shall include physically providing, mailing, emailing, and/or posting on the internet.

*Id.*

Despite the matter going to trial and resulting in a complete acquittal of Bowie, to the best of Bowie's knowledge the two orders have never been vacated by the York County Court. A third party previously sued and requested that this Court declare the Orders unconstitutional under the First Amendment. *See* Mercado v. Snyder, 1:21-cv-01743-JPW (M.D. Pa.). The Court declined at that time to do so, holding that the claim that such plaintiff presented was moot. *Id.* at

2

ECF Docs. 49, 50. The Court has not previously considered any request by Plaintiff Bowie concerning the nature or effect of the York County orders.

## II. Question Presented

Whether the Court should permit filing of an unredacted version of Plaintiff's second amended complaint under seal?

## III. Argument

Plaintiff's second amended complaint includes certain allegations that may rely upon information produced to him in discovery in his criminal case, including documents which arguably are the subject of the two York County orders. Notably, not only Bowie, but even undersigned counsel was named in the order of October 12, 2021. See Exhibit B. In order to avoid violating these orders while still complying with his duty of public filing, Bowie requests that the Court permit him to file a redacted version of the second amended complaint publicly and an unredacted version under seal.

Bowie respectfully submit that his request to file the unredacted second amended complaint under seal complies with governing law.

### A. The facts support a limited public filing under the common law right of access.

In *In Re Avandia*, 924 F.3d 662 (3d Cir. 2019), the Third Circuit established that the common law right of access embodies a presumption of public access.

To overcome the presumption of access, a party bears the burden of showing that any interest in secrecy outweighs the presumption of disclosure. Plaintiff thus must show that the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure. *Id.* at 672.

Here, Plaintiff points to the two court orders issued by the Court of Common Pleas of York County as presenting a clearly defined and serious injury that could result from the public filing of the redacted portions of the pleading as part of Plaintiff's second amended complaint. Courts, of course, have inherent contempt power to enforce their own orders, and Bowie is attempting to comply with the York County Court's orders to avoid possible sanctions while at the same time respecting the general right of the public to access judicial filings.

Accordingly, while respecting the public's potential desire to access certain information, there is unquestionably potential legal jeopardy to Plaintiff if he should make a public filing of information known to him yet received through the discovery process in his case.

Accordingly, Bowie submits that the *Avandia* test for the common law right of access is satisfied.

### B. The facts support a limited public filing under the First Amendment right of public access.

The U.S. District Court for the Eastern District of Pennsylvania has held,

4

> The First Amendment right of access presents an even higher burden than the common law right of access, and the party requesting that trial documents be sealed must overcome strict scrutiny … Specifically, the party must demonstrate an overriding interest in excluding the public based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest.

*McCowan v. City of Philadelphia*, 2:19-CV-03326-KSM, 2021 WL 3737204, at *2 (E.D. Pa. Aug. 24, 2021) (quoting *Avandia*, 924 F.3d at 673).

Both the Second Circuit in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2nd Cir. 2006), and the Fourth Circuit in *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988), have recognized that the protections of the First Amendment apply to summary judgment proceedings, where certain information is filed with a court in a way analogous to the detailed factual allegations contained in Plaintiff's unredacted second amended complaint. The Eastern District in *McCowan* concurred with the Second Circuit's analysis in *Lugosch*.

> We believe that our earlier decisions and those in other courts lead ineluctably to the conclusion that there is a presumptive right of public access to pretrial motions of a nondiscovery nature, whether preliminary or dispositive, and the material filed in connection therewith.

*McCowan*, at *2 (citing *Leucadia, Inc. v. Applied Extrusion Tech., Inc.*, 998 F.2d 157, 164 (3d Cir. 1993)).

Once the First Amendment right of access applies, a party seeking closure may rebut the presumption of openness if able to demonstrate an overwhelming

5

interest in excluding the public based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest. *In Re Avandia*, 924 F.3d at 673.

Again, as with the common law right of access analysis, the existence of two orders from the York County Court of Common Pleas dictate that "higher values" require the closure of the unredacted version of the second amended complaint from public inspection. Further, because Plaintiff is filing a redacted version publicly and not seeking a complete sealing of the document, Plaintiff respectfully submits that he is complying with the First Amendment's narrow tailoring requirement. Redaction of sensitive material rather than an entire submission is an appropriate way of balancing the public's right of access with the "higher values" that are served by attempting to avoid violating the Orders. See, e.g., *Salcedo v. MS Hershey Medical Center*, 1:19-cv-02201-YK, Order of August 14, 2023, 2024 WL 476888 (M.D. Pa. 2024) (citing cases).

### C. Sealing could be revisited as the case moves forward.

It perhaps goes without saying, but Plaintiff notes that the Court's initial ruling on a request to seal might be revisited if there would be a change in the York County Court's treatment of the Orders or for other reasons that would otherwise eliminate concern about potential violation thereof. Accordingly, Plaintiff

respectfully submits that an initial sealing order is warranted at this time, and that the same could be revisited in the future if warranted by a change in circumstances.

### IV. Conclusion

WHEREFORE, Plaintiff moves the Court to grant leave to file the unredacted version of his Second Amended Complaint under seal.

Respectfully submitted,

**METTE, EVANS & WOODSIDE**

By: _____
Aaron D. Martin
Pa. Atty. I.D. 76441
3401 North Front Street
Harrisburg, PA 17110
(717) 232-5000
admartin@mette.com

*Attorneys for Plaintiff,*
*Tyree Bowie*

Date: March 3, 2026.

**EXHIBIT A**

Kraska

# IN THE COURT OF COMMON PLEAS OF YORK COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | CP-67-CR-7558-2018 |
| | : | |
| v. | : | **Murder of the First** |
| | : | **and Third Degree** |
| TYREE BOWIE | : | |

## ORDER

AND NOW, TO WIT, it is hereby ordered and directed that any individuals in possession of any discovery material and/or Confidential Child Protective Services records related to D.M. and the prosecution of the above-captioned matter are hereby precluded from disseminating or distributing those records unless permitted by further Order of Court. Distribution shall include physically providing, mailing, emailing, and/or posting on the internet. All records that have been posted on the internet shall be removed.

_____
The Honorable Gregory M. Snyder

**EXHIBIT B**

IN THE COURT OF COMMON PLEAS OF YORK COUNTY, PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA  :  CP-67-CR-7558-2018
:
v.  :  Murder of the First
:  and Third Degree
TYREE BOWIE  :

## ORDER

AND NOW, TO WIT, this 12th day of Oct., 2021, it is hereby ordered and directed that any individuals in possession of any discovery material and/or Confidential Child Protective Services records related to D.M. and the prosecution of the above-captioned matter are hereby precluded from disseminating or distributing those records unless permitted by further Order of Court. Distribution shall include physically providing, mailing, emailing, and/or posting on the internet. All records that have been posted on the internet shall be removed.

Copies of this Order shall be provided to the Clerk of Courts; Attorney Farley Holt, Counsel for Defendant; Attorney Erin Kraska of the District Attorney's Office and Attorney Aaron Martin, Counsel for Sarah Mercado and Victoria Schrader.

The Honorable Gregory M. Snyder